IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Case No. 2:07-CR-071-JDH-2 |
| v. | : | Judge Holschuh |
| ALEXIS GUILLERMO GONZALEZ, | : | |
| Defendant. | : | |
| | : | |

**MEMORANDUM OPINION AND ORDER**

On March 13, 2007, a grand jury returned a two-count Indictment, charging Defendant Alexis Guillermo Gonzalez[1] with violations of 21 U.S.C. § 846. In Count I, Defendant is charged with conspiring to distribute and to possess with intent to distribute five kilograms or more of a substance containing a detectable amount of cocaine. In Count II, Defendant is charged with attempting to possess with intent to distribute five kilograms or more of a substance containing a detectable amount of cocaine.

Defendant has filed a motion requiring the Government to provide a bill of particulars setting forth the following information:[2]

---

[1] In the Indictment, Defendant's name appears "Alexis Guilleuma-Gonzalez." In both Defendant's Motion for Bill of Particulars and the Government's Response, Defendant's name appears "Alexis Guillermo Gonzalez." The Court is not aware which spelling is correct; however, for the sake of consistency, the Court will use the same spelling used most recently by the parties.

[2] Federal Rule of Criminal Procedure 7(f) provides: "The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within ten days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires."

1. The specific phrase or provisions of each of the statutes, which the Federal Government alleges, were violated by the conduct of the Defendant.
2. The date, time, and specific place at which the Defendant is alleged to have committed the crime for which the Defendant is now charged.
3. The specific act, conduct, methods or means by which the crime is alleged to have been committed.
4. The names of any and all other persons alleged to have acted together with the Defendant in violation of statutory provisions.
5. If the Defendant is alleged to have committed the crime with others, what specific act did the Defendant do to aid and or abet in the commission of the crime.

Defendant states that he is unable to prepare an intelligent defense to the charges contained in the Indictment due to its lack of specificity.[3] The Government opposes Defendant's motion, and it contends that the Indictment, together with discovery already disclosed by the Government, provides Defendant with sufficient notice of the nature of the offenses of which he is charged. It

---

[3] The Indictment states:

Count 1

On or about February 7, 2007 through on or about February 9, 2007, in the Southern District of Ohio and elsewhere, the defendants, **LEONARDO CABINILAS-LEYVA** and **ALEXIS GUILLEUMA-GONZALEZ**, did knowingly and intentionally unlawfully combine, conspire, confederate and agree together and with each other and with others both known and unknown to the grand jury, to distribute and to possess with intent to distribute five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(ii).
In violation of 21 U.S.C. § 846.

Count 2

On or about February 9, 2007, in the Southern District of Ohio and elsewhere, the defendants, **LEONARDO CABINILAS-LEYVA** and **ALEXIS GUILLEUMA-GONZALEZ**, did knowingly, intentionally and unlawfully attempt to posses with intent to distribute five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(ii).
In violation of 21 U.S.C. § 846.

suggests that with his Motion for Bill of Particulars, Defendant seeks evidence possessed by the Government that is not subject to pre-trial discovery. The Government argues that Defendant's motion is inappropriate because obtaining disclosure of the Government's evidence and legal theories is not a proper purpose of a bill of particulars. In response to the specific information sought by Defendant, the Government states that (1) the time frames set forth in the Indictment are sufficiently narrow to permit Defendant to prepare for trial, (2) the Indictment sufficiently identifies the location where the offenses were allegedly committed, (3) the Government is not required to provide facts regarding the manner in which the offenses were committed, including any overt acts that it intends to prove at trial, and (4) Defendant is not entitled to know the names of each member of the conspiracy prior to trial.

Federal Rule of Criminal Procedure 7(c)(1) requires the Indictment to set out each element of the statutory violation in order to sufficiently inform Defendant of the offense against which he must defend. United States v. Salisbury, 983 F.2d 1369, 1373 (6th Cir. 1993) (citing Hamling v. United States, 418 U.S. 87 (1974)). In Russell v. United States, 369 U.S. 749, 765 (1962), the Supreme Court held that it is not enough that an indictment parrots the relevant statutory language "unless those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished."

A motion for a bill of particulars is a matter addressed to the sound discretion of the trial court. Will v. Unites States, 389 U.S. 90, 99 (1967); United States v. Rey, 923 F.2d 1217, 1221 (6th Cir. 1991) (citing United States v. Paiva, 892 F.2d 148, 154-55 (1st Cir. 1989); United States v. Colson, 662 F.2d 1389, 1391 (11th Cir. 1981); Turner v. United States, 426 F.2d 480, 483 (6th Cir. 1970)). "The purposes of a bill of particulars are to inform the defendant of the nature of the charge

against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague and indefinite for such purposes." United States v. Birmley, 529 F.2d 103, 108 (6th Cir. 1976); accord Salisbury, 983 F.2d at 1375.

Defendant first requests to know the specific phrases or provisions of the statutes that the Government alleges were violated by Defendant. In the Court's view, however, the Indictment concisely identifies the manner in which Defendant allegedly violated the statutes.[4] Accordingly, this request is denied.

---

[4] 21 U.S.C. § 841(a)(1) provides, in relevant part, that "it shall be unlawful for any person knowingly or intentionally . . . to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance." Section 841(b)(1)(A)(ii) states that

> any person who violates subsection (a) of this section shall be sentenced as follows:
> (1)
>    (A) In the case of a violation of subsection (a) of this section involving--
>     . . .
>     (ii) 5 kilograms or more of a mixture or substance containing a detectable amount of--
>       (I) coca leaves, except coca leaves and extracts of coca leaves from which cocaine, ecgonine, and derivatives of ecgonine or their salts have been removed;
>       (II) cocaine, its salts, optical and geometric isomers, and salts of isomers;
>       (III) ecgonine, its derivatives, their salts, isomers, and salts of isomers; or
>       (IV) any compound, mixture, or preparation which contains any quantity of any of the substances referred to in subclauses (I) through (III).

Under 21 U.S.C. § 846, "Any person who attempts or conspires to commit any offense defined in this title shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy."

Next, Defendant requests the date, time, and specific place at which he is alleged to have committed the crimes charged. Count I charges Defendant with conspiring to distribute and possess with intent to distribute cocaine. The Indictment alleges that the conspiracy occurred "[o]n or about February 7, 2007 through on or about February 9, 2007." Count II, charging an attempt to posses with intent to distribute cocaine, alleges that the offense occurred "[o]n or about February 9, 2007." These narrow time frames adequately inform Defendant of when the charged offenses allegedly occurred. Conversely, the locations of the offenses are alleged with considerably less specificity. Both counts of the Indictment allege that Defendant's actions occurred "in the Southern District of Ohio and elsewhere." If the Government has knowledge that Defendant's allegedly illegal conduct occurred at locations outside the Southern District of Ohio, Defendant is entitled to be informed of that contention and those locations. See United States v. Mayhew, 337 F. Supp. 2d 1048, 1063-64 (S.D. Ohio 2004) (Marbley, J.) The Government shall therefore identify for Defendant, to the best of its knowledge, those places referred to in the Indictment as "elsewhere."

In his third and fifth requests, Defendant seeks disclosure of the specific acts by which he allegedly committed the offenses charged and the specific acts by which he aided or abetted in the commission of the offenses charged. To the extent that Defendant seeks discovery of overt acts related to the offenses charged in the Indictment, "a defendant is not entitled to discover all the overt acts that might be proven at trial."[5] Salisbury, 983 F.2d at 1375 (citing United States v. Kilrain, 566 F.2d 979, 985 (5th Cir. 1978)). These requests are therefore denied.

---

[5] Moreover, in a drug conspiracy prosecuted pursuant to 21 U.S.C § 846, an overt act need not be charged or proven. United States v. Dempsey, 733 F.2d 392, 395-96 (6th Cir. 1984).

5

Last, Defendant requests the names of persons alleged to have acted together with him in committing the charged offenses. Although it is "not essential" for an indictment to inform an alleged conspirator of the identities of the other conspirators, Rey, 923 F.2d at 122, the Court believes that for Defendant to adequately prepare a defense to the conspiracy charged he must be apprised of the names of the known, unindicted coconspirators alluded to in the Indictment. United States v. Blay, CR-2-86-58 (S.D. Ohio July 10, 1986); United States v. Scartz, CR-2-86-030 (S.D. Ohio June 18, 1986 and May 12, 1986); United States v. Mannino, 480 F. Supp. 1182, 1185 (S.D.N.Y. 1979); United States v. Fine, 413 F. Supp. 740, 746 (W.D. Wis. 1976).

The Government argues that providing Defendant with the names of the alleged coconspirators is unnecessary because Defendant has already received a substantial amount of discovery that provides him with the factual basis for the charges against him. Where discovery materials, together with the indictment, inform a defendant of the nature of the charges against him such that he can prepare a defense without the risk of surprise at trial, a bill of particulars is unnecessary. See United States v. Ridley, 199 F. Supp. 2d 704, 708 (S.D. Ohio 2001) (Rice, C.J.). In its Response to Defendant's Demand for Discovery (R. at 22), the Government avers that it has made available to Defendant all of the physical evidence that it intends to introduce at trial, including a number of reports prepared by the Drug Enforcement Administration ("DEA") in February 2007. (Government's Resp. Def.'s Demand Disc. 3.) These reports summarize the activities of the DEA and the Arkansas State Police, as they pertain to Defendant, between February 8, 2007 and February 9, 2007. Defendant also has access to a number of physical objects that the Government intends to introduce at trial, including a compact disc recording of a telephone conversation between Cabinillas-Leyva and two others, cell phones belonging to both Defendant

and Cabinillas-Leyva, documents recovered from a Ford Windstar van that Defendant allegedly drove the day that he was arrested, and the vehicle allegedly used by Cabinillas-Leyva to deliver cocaine to Defendant.

Despite these disclosures, there is no definitive indication that Defendant has been provided with the names of <u>all</u> alleged coconspirators known to the Government. The Government shall therefore provide Defendant with the identities of all known, unindicted coconspirators referenced in Count I of the Indictment.

Other than the two deficiencies discussed above, the Indictment is neither vague nor indefinite. The additional information sought by Defendant is either evidentiary in nature or seeks the Government's theory of Defendant's criminality. The Government, however, is not required to provide Defendant with this information. <u>See</u> <u>Ridley</u>, 199 F. Supp. 2d at 708. A bill of particulars is not intended to be employed as a discovery device. <u>Salisbury</u>, 983 F.2d at 1375.

WHEREUPON, for the reasons described above, Defendant's Motion for Bill of Particulars (R. at 16) is **GRANTED** in part and **DENIED** in part consistent with this Memorandum Opinion and Order.

**IT IS SO ORDERED.**

<u>April 27, 2007</u>  **/s/ John D. Holschuh**
Date  John D. Holschuh, Judge
  United States District Court

7